IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES E. OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-00970-CV-W-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case involves an action relating to medical improvement under Title II of the Social Security Act (42 U.S.C. §§ 410 et seq.; 42 U.S.C. §§ 1382 et seq.). After receiving Social Security benefits for several years, James E. Owen, the plaintiff, performed some work activity–in 1998 and 1999. The Social Security Administration concluded that this work constituted substantial gainful activity and after a hearing, an ALJ rendered a decision finding that Owen was no longer entitled to benefits beginning January 1, 1999. On September 26, 2006, the Appeals Council of the Social Security Administration denied Plaintiff's request for review.

Pending before the Court is Plaintiff's motion for summary judgment [Doc. 8] seeking judicial review of the ALJ's decision. Because the Court concludes that the decision of the ALJ is supported by substantial evidence, the Plaintiff's motion for

1

summary judgment is denied.[1]

I.  **Factual Background**

Owen filed an application for disability benefits on November 23, 1987, due to a head injury. (Tr. 16.) On March 7, 1987, he began receiving disability benefits. (Tr. 55-67.) Owen performed some work activity in 1989, 1990, 1991 and 1993. (Tr. 17.) On August 18, 1993, Owen received a notice that his trial work period had been completed but that his disability was continuing because the work had not shown the ability to perform substantial gainful activity. (Tr. 69-70.)

Subsequently, in 1998 and 1999, Owen worked for Riffe Homes supervising cleanup crews. (Tr. 43-44.) He testified that he did not work every month due to his health. (Tr. 28.) He testified he was permitted to leave work early or arrive late, but that he worked 40 hours per week when he was working. (Tr. 28, 45-46.) Plaintiff also testified that he and his daughter owned 28-30 head of cattle at a time.

On August 21, 2001, the owner of Riffe Homes, Inc., completed a questionnaire and indicated Plaintiff's work was fully worth the amount paid and that Owen received no special considerations such as fewer or easier duties, irregular hours, less hours, more rest periods, lower production, extra help or supervision, lower quality, or frequent absences. (Tr. 79.) The employer also indicated that Owen stopped working for them because he went into business for himself working for other builders. (Tr. 80.)

---

[1]Portions of the parties' briefs are adopted without quotation designated.

Based on Owen's reported earnings, which were corroborated by his employer, Plaintiff earned $1,223.25 in March 1998, $1,344.00 in April 1998, $840.00 in October 1998, $829.50 in November 1998, and $1,134.00 in December 1998. (Tr. 73, 166.) He also had earnings of $1,134.00 in January 1999, $1,281.00 in February 1999, $504.00 in March 1999, $588.00 in May 1999, $924.00 in June 1999, $1,344.00 in July 1999, $1,512.00 in August 199, and $1,680.00 in September 1999 (Tr. 167).

## II.     Discussion

The question before the Court is whether or not there was substantial evidence in the record to support the ALJ's determination that Owen engaged in substantial gainful activity and was, therefore, no longer eligible to receive Social Security benefits as of January 1, 1999. This question is controlled by 20 C.F.R. § 404.1592(a), which provides that the first time a claimant works after the end of a trial work period and engages in substantial gainful activity, he is no longer qualified to receive disability benefits. *Also see* 20 C.F.R. § 404.1594(f)(1).

The ALJ found that Plaintiff performed work activity above the presumptive substantial gainful activity level of $500 from October 1998 to March 1999 and from May 1999 through September 1999. During that time he was given no special consideration by his employer, was not frequently absent, and his work was not unsatisfactory. (Tr. 17-18.) The ALJ also found that Owen's earnings should not be reduced merely because Owen provided his own transportation to the work site, his own lunch and was required to wear work boots and a winter coat. These expenses were not

3

related to Owen's impairments because an individual without an impairment would incur those same expenses.

Owen contends, however, that the ALJ failed to apply the correct legal standard for defining substantial gainful activity and failed to consider whether Owen's work attempts were in fact unsuccessful work attempts as defined by the regulations.

20 C.F.R. § 404.1574 governs the process for determining whether a claimant has engaged in substantial gainful activity. It provides in relevant part as follows:

> We generally consider work that you are forced to stop or to reduce below the substantial gainful activity level after a short time because of your impairment to be an unsuccessful work attempt. . . . We will use the criteria in paragraph (c) of this section to determine if the work you did was an unsuccessful work attempt.
>
> **(c) The unsuccessful work attempt–**
> (1) General. Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level in paragraph (b)(2) of this section, and you meet the conditions described in paragraphs (c)(2), (3), (4), and (5), of this section.
>
> . . . .
>
> (2) Event that must precede an unsuccessful work attempt. There must be a significant break in the continuity of your work before we will consider that you began a work attempt that later proved unsuccessful. You must have stopped working or reduced your work and earnings below the substantial gainful activity earnings level because of your impairment or because of the removal of special conditions that were essential to the further performance of your work.
>
> . . . .
>
> (4) If you worked between 3 and 6 months. We will consider work that lasted

longer than 3 months to be an unsuccessful work attempt if it ended, or was reduced below substantial gainful activity earnings level, within 6 months because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work and– . . . .

(i) You were frequently absent from work because of your impairment;

(ii) Your work was unsatisfactory because of your impairment;

(iii) You worked during a period of temporary remission of your impairment; or

(iv) You worked under special conditions that were essential to your performance and these conditions were removed.

There is substantial evidence in the record to support the ALJ's conclusion that Owen did engage in substantial gainful work activity. When an individual performs work at the substantial gainful work activity earnings level for between three and six months, the work will only be considered an unsuccessful work attempt if the work activity ended or was reduced below the substantial gainful activity earnings level due to the individual's impairment or due to the removal of special conditions which took into account his impairment and permitted him to work; and certain additional findings are made: (1) The individual is frequently absent from work due to the impairment; (2) the work was unsatisfactory due to the impairment; (3) the individual worked during a period of temporary remission of the impairment; or (4) special considerations essential to the individual's performance were removed. 20 C.F.R. § 404.1574(c)(4).

In this case, the record shows Owen performed work for a six month period, October 1998 through March 1999, and then resumed working for a five month period–from May 1999 through September 1999. During both periods of work, he

5

received income that triggered the presumption that he engaged in substantial gainful activity.

Furthermore, there is substantial evidence that Owen did not leave his employment in September 1999 as a result of his impairment and Owen provided no evidence to corroborate his allegations that he was frequently absent, that his work was unsatisfactory, or that he only worked during a period of omission of his impairment. Plaintiff's employer specifically stated that Owen was fully worth the amount paid, that he did not have frequent absences, and that he was given no special considerations. (Tr. 18, 79.) His employer additionally stated that Owen quit his job in September 1999 to go into business for himself working for other builders. (Tr. 80.) Therefore, even if his work between October 1998 and March 1999 was an unsuccessful work attempt,[2] there is substantial evidence in the record to support the ALJ's determination that the requirements of 20 C.F.R. § 404.1574(c)(4) were not met.

### III. Conclusion

Because the Court concludes that the decision of the ALJ is supported by substantial evidence on the record as a whole, it is hereby

ORDERED that Plaintiff's motion for summary judgment [Doc. 8] is DENIED.

---

[2]Although the ALJ in his opinion does not explicitly indicate that he made a determination that Owen had an unsuccessful work attempt between October 1998 and March 1999, it is clear from the context of his discussion that he did recognize that resolution of the dispute required reference to 20 C.F.R. § 404.1574(c)(4). This is all that is required by the regulation.

The decision of the ALJ is affirmed.

                                                s/ NANETTE K. LAUGHREY
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated:   August 16, 2007
Jefferson City, Missouri